UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY L. BISHOP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-01866-TWP-DML |
| | ) |
| DREES PREMIER HOMES, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JURISDICTION**

On July 12, 2016, the Defendant filed a notice of removal, which fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The notice of removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the notice of removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

In particular, the notice of removal alleges that the Plaintiff is a "resident" of Indiana. This allegation of residency is not sufficient to allow the Court to determine whether diversity jurisdiction exists. *See McHanon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("[a]n allegation of residence is inadequate"); *Meyerson*, 299 F.3d at 617 ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

To remedy this error, this Court **ORDERS** the Defendant to file a supplemental jurisdictional statement to sufficiently establish this Court's jurisdiction over this case. The Defendant's statement must accurately identify the Plaintiff's citizenship. The Defendant's supplemental jurisdictional statement is due **fourteen (14) days** after the date of this entry.

**SO ORDERED.**

Date: 7/19/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregory P. Gadson
gregory_gadson@yahoo.com

Aaron J. Stucky
VORYS SATER SEYMOUR PEASE LLP
ajstucky@vorys.com